UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTION TRUST CORPORATION, as Receiver for MERCURY SAVINGS AND LOAN ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY PAUL ROWE, et al.<br><br>Defendants.<br>_____ | No. C 90-20114 FMS  (WDB)<br><br>**ORDER CONTINUING HEARING ON ASSIGNEE/JUDGMENT CREDITOR'S MOTION FOR WRIT OF EXECUTION FOR ASSETS OF REVOCABLE TRUST** |

On July 9, 2007, the Cadle Company ("Cadle"), an assigned judgment creditor in this action, filed a Motion for Writ of Execution on assets of a revocable trust in which judgment debtor, Anthony Paul Rowe ("Rowe"), is a settlor. Mr. Rowe's wife, Nancy Rowe, also is a settlor of the revocable trust. Cadle's motion currently is set to be heard on Wednesday, August 29, 2007, at 1:30 p.m.

Nancy Rowe has filed an Opposition to Cadle's Motion, in which she asserts that most of the funds in the trust are her separate property, to which Mr. Rowe is not legally entitled and on which Cadle has no legal right to execute. Mrs. Rowe also asserts, with no legal support, that the remainder of the funds, though belonging to Mr. and Mrs. Rowe as community property, are nevertheless exempt from execution. Mrs. Rowe did not provide an accounting or any tracing documents to

support her assertion that the funds in the trust are her separate property.  Indeed, in neither Cadle's Motion nor the Opposition is there any specific information about the funds in the trust.  Nancy Rowe did advise in her Opposition, however, that "a full asset evaluation is being conducted."  Opposition at 4.

Accordingly, because the Court cannot adequately review or resolve Cadle's Motion without a specific accounting of the funds in the trust, the Court CONTINUES the hearing to **Wednesday, October 17, 2007, at 3:00 p.m.**

**By no later than September 26, 2007, Nancy <u>and</u> Anthony Rowe** must file a Supplemental Opposition explaining their assertions about specific funds in the trust, along with a supporting Declaration with a <u>full accounting</u> of <u>all</u> the funds in the trust.  The accounting must include, <u>at minimum</u>, the amount and nature of the funds in the trust, which of those funds are Mrs. Rowe's separate property and which of those funds belong to the community.  All factual assertions made in the brief and the accounting about the funds in the trust <u>must</u> be supported with specific back up documentation proving the factual assertion.  In addition, in the event either Anthony or Nancy Rowe wishes to claim an exemption from execution on any of the funds in the trust, such a claim must be set forth in detail in the Rowe's brief with legal support and adequate back up documentation to prove the character of the funds at issue.

IT IS SO ORDERED.

Dated:  August __22_, 2007

_____
WAYNE D. BRAZIL
United States Magistrate Judge

Copies:  parties, WDB, Stats

2