ORIGINAL FILED

OCT 18 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESOLUTION TRUST CORPORATION, as Receiver for MERCURY SAVINGS AND LOAN ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY PAUL ROWE, et al.<br><br>Defendants. | No. C 90-20114 FMS (WDB)<br><br>**INTERIM ORDER ON ASSIGNEE/JUDGMENT CREDITOR'S MOTION FOR WRIT OF EXECUTION FOR ASSETS OF REVOCABLE TRUST FOLLOWING HEARING ON OCTOBER 17, 2007** |

On October 17, 2007, the Court heard oral argument in connection with the Cadle Company's Motion for Writ of Execution on assets in the Rowe Living Trust — a revocable trust in which judgment debtor, Anthony Paul Rowe, and his wife, Nancy Rowe, are the settlors. Having considered the briefs and arguments of the parties, the Court issues the following interim orders:

(1) Preliminarily, the Court notes that Mr. Briggs, counsel for the Cadle Company, acknowledged on the record that his client has decided not to seek a Writ of Execution on the two IRA accounts held in the Rowe Living Trust.

(2) Nancy Rowe was present at the hearing and informed the Court that at some time after she filed her Declaration in Opposition to Cadle's Motion, she received documents from Morgan Stanley relevant to the Morgan Stanley Active Assets Brokerage Account — the account at issue in this Motion. Accordingly, **by**

1

**no later than Thursday, October 18, 2007**, Nancy Rowe must provide these documents from Morgan Stanley to her attorney, Mr. David B. Rao. In turn, **by no later than Monday, October 22, 2007, at 5:00 p.m.**, Mr. Rao must deliver a copy of the Morgan Stanley documents to the undersigned; to counsel for the Cadle Company, Mr. Templeton Briggs; and to counsel for Mr. Anthony Rowe, Ms. Laura Palazzolo.

(3) If counsel for Plaintiff or for either Defendant would like to file additional briefs on any matters raised by the Court during the hearing or by the Morgan Stanley documents, they must file the briefs **by no later than Monday, October 29, 2007, at 5:00 p.m.** Any further briefing on the types of evidence the Court may consider under California law in deciding whether commingled funds held in a joint account by a married couple are community property or separate property also must be filed by this same date and time.

(4) Nancy Rowe informed the Court at the hearing that the funds in the Morgan Stanley Active Assets Brokerage Account formerly were deposited at another financial institution. Ms. Rowe could not recall the name of the institution at which the funds were held, but believes it may have been Dean Witter.

Ms. Rowe or her counsel must <u>immediately</u> make inquiries at Dean Witter and any successor institution and request that the institution provide Ms. Rowe with all records the institution has on any funds held at any time by Mr. Rowe, Ms. Rowe, or by the two of them, jointly. If at any time Ms. Rowe or her counsel develop any reason to believe it may have been an institution other than Dean Witter that formerly held the funds now in the Active Assets Brokerage Account, they must seek documents from that institution.

In any case, **by no later than Friday, October 26, 2007,** Mr. Rao must file a letter with the Court (with a copy to counsel for Plaintiff and to counsel for Mr. Anthony Rowe) that sets forth the results of his or Ms. Rowe's request for records from any financial institution where Ms. Rowe believes funds in the Active Assets

Brokerage Account might have been held prior to Morgan Stanley.

    (5)    After the undersigned receives the Morgan Stanley documents, the parties' additional briefs, if any, and the letter from Mr. Rao about the results of the effort to obtain further documents from a financial institution other than Morgan Stanley, the Court will notify the parties about when it plans to issue a final ruling on the Cadle Company's Motion. If Mr. Rao informs the undersigned in his letter filed by October 26, 2007, that further documents are expected, the Court will postpone ruling on the matter until all the evidence has been received.

IT IS SO ORDERED.

Dated:   October 18, 2007

WAYNE D. BRAZIL
United States Magistrate Judge

copies to: parties, WDB, stats